[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13494

_____

D. C. Docket No. 03-00745-CV-RWS-1

SUE CODY,
OZZIE BROWN,
DELORIS LUNDY,
SHAUNA BAUGH,
individually and on behalf of all
others similarly situated,

Plaintiffs-Appellants,

versus

GOLD KIST, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 25, 2008)**

Before EDMONDSON, Chief Judge, BLACK and FARRIS,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Appellants are four women who worked in the Information Services Department at Gold Kist, Inc. and filed claims of sex discrimination against the company pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.* Appellants contest the district court's grant of summary judgment against their individual failure-to-promote and disparate pay discrimination claims. The claims were filed after Gold Kist released to employees a Task Force Report, which Appellants contend is an admission of gender discrimination by the company. On appeal, Appellants' primary argument is the district court erred when it determined the Task Force Report was not conclusive proof of discrimination, but instead constituted circumstantial evidence of discrimination which could be used to support Appellants' individual claims under the familiar *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973).

Reviewing the district court's order *de novo* and viewing all the evidence in the light most favorable to Appellants, we conclude the district court did not err in its treatment of the Task Force Report. Appellants offered no evidence to contradict the statements of management and Task Force members regarding the manner in which the report was generated. The Task Force only reviewed employee complaints, assumed those complaints were true, and did not conduct an independent investigation. Thus, the undisputed record evidence reveals the report

2

was the product of an investigation which consisted of reviewing complaints raised in employee interviews and theorizing potential causes of those complaints. The Task Force's findings were a list of the problems identified by employees, their potential causes, recommended solutions, and a time table for implementing those solutions. The report does not rise to the level of an admission of discrimination; rather, it constitutes evidence of employee perceptions of gender related problems. Gold Kist viewed the report as its effort to take employee perceptions seriously and to take steps to improve those perceptions. Viewed in its proper context, the report merely constitutes circumstantial evidence of discrimination and was properly analyzed under the *McDonnell Douglas* framework. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086-88 (11th Cir. 2004).

We have carefully reviewed the briefs and the record with respect to each individual claim of discrimination, and with the benefit of oral argument, we have found no reversible error. Thus, we affirm.

**AFFIRMED.**